Decided July 31, 1897.

STATE *v.* COUPER.

[49 Pac. 959.]

RULE AS TO FATAL VARIANCE.—The court will not instruct the jury that there is a fatal variance between the proof and descriptive matter contained in the indictment, unless there is no competent evidence at all bearing upon the subject, or unless it is so weak that a verdict against the defendant would be attributable to passion, prejudice, or partiality.

SUFFICIENCY OF EVIDENCE—INSTRUCTION TO ACQUIT.— The testimony submitted to establish a crime charged is sufficient to take the case to the jury, if enough be shown to require the defendant to enter upon his defense and introduce evidence: *State* v. *Jones*, 18 Or. 260, and *State* v. *Pomeroy*, 30 Or. 16, applied.

From Union:   STEPHEN A. LOWELL, Judge.

E. J. Couper having been convicted of larceny prosecutes an appeal.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Thos. H. Crawford* and *J. M. Carroll.*

For the State there was a brief and an oral argument by *Messrs. Hugh E. Courtney,* district attorney, and *James A. Fee.*

MR. JUSTICE WOLVERTON delivered the opinion.

Defendant was indicted for the larceny of a certain heifer calf of the value of $10, the personal property of Florence Dobbin. The property was further described in the indictment as follows: "Which said calf had an artificial earmark, towit, a slit in the right ear of said calf." At the close of the testimony for the state the defendant moved the court to direct the jury to return a verdict of acquittal, because — first, there was a total failure of proof tending to show that the property stolen was a "heifer calf marked with a slit in the right ear"; and, second, the proof submitted touching the crime charged was insufficient to go to the jury. Of these in their order. It is sought to invoke the rule laid down by Mr. Greenleaf, that where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved, as they have been made by the pleader, essential to the identity: 1 Greenleaf on Evidence, § 65. And it is contended that, although it was unnecessary for the indictment to have contained an allegation that the calf was a "heifer," or that

it was marked "with a slit in the right ear," but having alleged these conditions as descriptive of the thing stolen it was incumbent upon the state to give evidence tending to establish the descriptive matter as alleged, otherwise there would be a fatal variance.

However that may be, we think there is testimony in the record tending to support all the requirements of the rule contended for. It was shown by competent witnesses that Mrs. Florence Dobbin was the owner of a light red cow branded with a reversed D on the left hip, and marked with a slit in the right ear, and dewlap cut up and out; that in the latter part of April, 1896, the cow gave birth to a heifer calf of Durham stock, dark red in color, with white spot in its forehead, some white on its belly, and tail tipped with white. The cow and calf were kept about the premises of Mrs. Dobbin until the latter part of May or the first of June, when the calf was marked with a slit in the right ear, and both were driven to another range, some ten or twelve miles distant, and about the same distance from the place occupied by the defendant. The cow and calf were seen together upon this range by two parties in July. The calf was described as being fat, and was identified by the color and mark as the calf marked in the latter part of May or first of June at the premises of Mrs. Dobbin. About the twentieth or twenty-fifth of August they were again seen together in defendant's pasture, with other cattle, some belonging to defendant. and some to other parties. The cow was identified as light

red, and branded as indicated above, and the calf described as a dark red heifer calf of square build, fat, and apparently of Durham stock; no earmark was noticed, however. On the fifteenth day of September the defendant took to J. B. O'Toole's butcher shop in La Grande a heifer calf butchered and "hock dressed," as it was termed by the witnesses, which was explained as meaning that the head and legs below the knee joints and entrails had been removed. The calf was described as red in color, pretty well bred in the Durham, square build, and fat, and about six months old,— between five and seven months,— and resembled the calf seen with the Dobbin cow in August in size and shape. It was taken to Russell & Willard's shop, and there one half of it was dressed out and the other half hung up in front of the shop, with hide attached. While in this condition witnesses examined the carcass, and also the hide after its removal, and described it as dark red in appearance with the tip of the tail white, and some white on its belly, and gave it as their belief that the calf was the one seen in the defendant's pasture, and marked in the latter part of May or first of June at the premises of Mrs. Dobbin. On September 16th, the cow was seen at the premises of the defendant, without the calf, bawling, and with swollen udder, and some three or four days thereafter was taken to the premises of Mrs. Dobbin, and identified as being her cow, and the mother of the calf marked in the latter part of May or first of June. That there is here some evidence to go to the jury upon the question touching

the alleged descriptive facts that the calf was a heifer, and marked with a slit in the right ear, there can be no dispute.

Before the court could say to the jury that there is a variance in respect to this descriptive matter contained in the indictment, it ought to be able to determine that there was no competent evidence at all bearing upon the subject, or that it was so weak that a verdict against the defendant would necessarily be attributable to passion, prejudice or partiality. The same rule is applicable touching the sufficiency of the testimony for this purpose as where it is sought to have the jury return a verdict of not guilty on the ground of insufficiency of testimony to establish the crime charged. In *State* v. *Jones*, 18 Or. 257 (22 Pac. 842), STRAHAN, J., says: "Where the state proves enough to require the defendant to produce evidence in his own behalf, such a direction would be improper. As soon as enough is shown to require the defendant to enter upon his defense, and to introduce evidence, it is the province of the jury to weigh the evidence, and to pass upon the credibility of the witnesses. A direction to acquit in such a case would be an invasion of the province of the jury, and could not be sustained." See, also, *State* v. *Pomeroy*, 30 Or. 16 (46 Pac. 797). The jury could reasonably infer from this testimony that the calf bore the marks which the indictment set forth as descriptive of it, and the question was properly submitted for their consideration. The same may be said touching the testi-

mony submitted to establish the crime charged, and this disposes also of the second ground assigned in support of the motion for the direction of a verdict of acquittal.

AFFIRM ED.

Decided December 27, 1897; rehearing denied.